**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| CARRIE HARTY, | ) | NO. CV 09-6455-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER | ) | **AND ORDER OF REMAND** |
| OF SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

   Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

   Plaintiff filed a complaint on September 14, 2009, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on October 26,

2009.  Plaintiff filed a motion for summary judgment on February 23, 2010.  Defendant filed a motion for summary judgment on April 23, 2010.  The Court has taken both motions under submission without oral argument.  See L.R. 7-15; "Order," filed September 17, 2009.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserts disability since May 6, 2002, based on a combination of alleged impairments (Administrative Record ("A.R.") 26-37, 164).  The Administrative Law Judge ("ALJ") found Plaintiff suffers certain severe impairments, namely "insulin-dependent diabetes with evidence of peripheral neuropathy . . . a disc bulge at L5-S1 with thecal sac compression and nerve root displacement" and obesity (A.R. 28).  The ALJ found that Plaintiff's alleged vision impairments are non-severe (A.R. 29).

According to the ALJ, Plaintiff cannot perform her past relevant work, but retains the residual functional capacity to perform a limited range of sedentary to light work (A.R. 30-31, 36).  Relying on the testimony of a vocational expert, the ALJ concluded that there exist certain jobs Plaintiff can perform notwithstanding her limitations, including the job of "preparer" (A.R. 37).  The Appeals Council denied review (A.R. 9-11).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's

1 findings are supported by substantial evidence; and (2) the
2 Commissioner used proper legal standards. See Swanson v. Secretary,
3 763 F.2d 1061, 1064 (9th Cir. 1985).

**DISCUSSION**

Social Security Ruling ("SSR") 85-28[1] governs the evaluation of whether an alleged impairment is "severe":

> An impairment or combination of impairments is found 'not severe' . . . when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work . . . i.e., the person's impairment(s) has no more than a minimal effect on his or her physical or mental ability(ies) to perform basic work activities . . .
>
> Great care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step.

///

---

[1] Social Security rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

> If such a finding [of non-severity] is not clearly established by medical evidence, however, adjudication must continue through the sequential evaluation process. SSR 85-28 at 22-23.

See also Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (the severity concept is "a de minimis screening device to dispose of groundless claims").

In the present case, the medical evidence does not "clearly establish [ ]" the non-severity of Plaintiff's alleged vision impairments. Dr. Pradhan, a treating physician, appears to have diagnosed "diabetic retinopathy" and "glaucoma" (A.R. 418). Dr. Taylor, a consultative physician, observed that Plaintiff has been noted to have "generally decreased vision" (A.R. 355). Dr. Briones, a treating ophthalmologist, found a refractive error "probably due to unstable BS [blood sugar] levels" (A.R. 315). Dr. Glasberg, a consultative neurologist, opined that Plaintiff's vision was correctable only to 20/50 (A.R. 362). It is at least unclear whether 20/50 vision would have more than a minimal effect on an individual's ability to work. See Figueroa v. Vose, 874 F. Supp. 500, 502 (R.I. 1994), aff'd, 66 F.3d 306 (1st Cir. 1995) (describing 20/50 vision as "poor"); http://www.dmv.ca.gov/pubs/brochures/fast_facts/ffdl14.htm (minimum of 20/40 vision required to obtain California driver's license)[2]; but see Merritt v. Faulkner, 823 F.2d 1150, 1156 (7th Cir. 1987) (J. Posner concurring) ("A patient with 20/50 and 20/100 vision

---

[2] A copy of this web page is attached to this Memorandum Opinion.

4

1   has keener eyesight than most federal judges"). The record contains
2   considerable conflicting evidence concerning the severity of
3   Plaintiff's vision impairments, but these conflicts in the evidence do
4   not "clearly establish" the non-severity of the impairments.
5   Accordingly, the Administration's decision violated SSR 85-28 and the
6   Ninth Circuit authorities cited above. See Webb v. Barnhart, 433 F.3d
7   683, 687 (9th Cir. 2005) (whenever the medical evidence concerning the
8   severity of an alleged impairment is "ambiguous," an ALJ errs by
9   finding that the alleged impairment is not severe).

11     Defendant suggests that any such error was harmless because the
12  Dictionary of Occupational Titles' description of the "preparer" job
13  identified by the vocational expert states "mere acuity: not present .
14  . . far acuity: not present . . ." See Dictionary of Occupational
15  Titles § 700.687-062. Defendant's argument is unpersuasive. The
16  vocational expert did not testify concerning the impact, if any, of a
17  vision impairment on a person's ability to perform the job of
18  "preparer" (A.R. 455-58). Neither "near acuity" nor "far acuity"
19  relates to a person's clarity of vision when viewing objects at a
20  distance of between 20 inches and 20 feet. See Guerrero v. Astrue,
21  2009 WL 666705, at *13 n.13 (D. Hawaii Feb. 13, 2009), adopted as
22  modified, 2009 WL 666633 (D. Hawaii Mar. 10, 2009). Moreover, the
23  Dictionary of Occupational Titles' description of the tasks performed
24  by a "preparer," which include the use of saws and the marking of
25  containers, suggests at least a reasonable possibility that vision
26  impairment might adversely impact job performance (and perhaps even
27  job safety). See Dictionary of Occupational Titles § 700.687-062.
28  ///

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).

**CONCLUSION**

For all of the foregoing reasons,[3] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 30, 2010.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that a directive for the immediate payment of benefits would be inappropriate.

6